IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC GONZALEZ SANTOS,<br><br>　　　　　　Petitioner,<br><br>　　vs.<br><br>PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security;  DEPARTMENT OF HOMELAND SECURITY, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement;  IMMIGRATION AND CUSTOMS ENFORCEMENT, DAREN K. MARGOLIN, Director for Executive Office for Immigration Review;  EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and STEVE FANNON, or successor, Warden of McCook Detention Center;<br><br>　　　　　　Respondents. | 8:26CV40<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter comes before the Court on Eric Gonzalez Santos's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully detained because he has not been afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing because he is subject to mandatory detention as an alien seeking admission. For the reasons set forth herein, the Court grants the Petition and orders Respondents to provide Petitioner a bond determination hearing in immigration court.

**I.　　BACKGROUND**

1

Eric Gonzalez Santos is a native and citizen of El Salvador.  Filing No. 1 at 8.  He claims to have first entered the United States without inspection in 2007.  Id.  He has two United States citizen children, aged fourteen and eight.  Id.  On December 5, 2025, Gonzalez Santos was taken into the custody of the Department of Homeland Security where he has remained ever since without being given a bond hearing.  Id.

Petitioner seeks a writ of habeas corpus releasing him or ordering Respondents to provide him a bond hearing.  Filing No. 1 at 28.

## II.   STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  This includes immigration-related detention.  Zadvydas v. Davis, 533 U.S. 678, 687 (2001).  The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3); Walker v. Johnston, 312 U.S. 275, 286 (1941).

## III.   ANALYSIS

The undersigned has already addressed the legal issue presented in this case in Chavez Avila v. Bondi, No. 8:25CV729, 2026 WL 63328 (D. Neb. Jan. 8, 2026).  Respondents have not explained how this case differs, and the Court sees no reason to depart from its prior reasoning.

In short, the Court concludes Respondents' interpretation of the INA is incorrect.  A noncitizen who was apprehended after already being present in the United States is not an arriving alien seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  See Chavez Avila, 2026 WL 63328, at *2–3.  Rather, such a noncitizen must

be detained pursuant to a warrant and afforded a prompt bond determination before an immigration judge pursuant to 8 U.S.C. § 1226(a).  *Id.*

Here, Respondents have produced a Notice to Appear and administrative warrant for Petitioner's arrest.  Filing No. 6-1 at 1–4.  Accordingly, the proper remedy is that he be afforded a prompt bond determination before an immigration judge.  Therefore,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.
2. Respondents shall promptly afford Petitioner a bond determination hearing pursuant to 8 U.S.C. § 1226.
3. On or before February 12, 2026, respondents shall file a status update regarding Petitioner's release.
4. The Court will enter a separate judgment.

Dated this 5th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge